IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHARLOTTE M. HARRISON-SMITH,    )
                                )
          Plaintiff,            )
                                )
     v.                         )    No. 06 C 4254
                                )
BANK OF AMERICA, N.A., et al.,  )
                                )
          Defendants.           )

MEMORANDUM OPINION AND ORDER

Charlotte Harrison-Smith ("Harrison-Smith") has filed what she labels her "Complaint of Economic Espionage" against Bank of America and 14 other defendants, accompanying her 41-paragraph Complaint with a nearly-inch-thick packet of 24 exhibits and with two documents on forms provided by this District Court's Clerk's Office (with the information required by those forms being filled in by Harrison-Smith in handwriting): a Motion for Appointment of Counsel ("Motion") accompanied by an In Forma Pauperis Application ("Application").[1] This memorandum opinion and order is issued sua sponte in accordance with the directive that the first order of business is always to address the presence or absence of federal subject matter jurisdiction--see, e.g., Cook v. Winfrey, 141 F.3d 322, 325 (7th Cir. 1998).

---

[1] Harrison-Smith has paid the $350 filing fee, so that the Application is simply an adjunct that is called for by the Motion. In that respect, her financial statement does not reflect an inability to pay a lawyer's fee--it is rather that the Motion seeking appointment of counsel says she has been turned down by over 40 lawyers who were unwilling to take her case.

As suggested by the caption that Harrison-Smith has attached to her Complaint, she seeks to invoke subject matter jurisdiction under two provisions of the federal criminal code--18 U.S.C. §§1831 (captioned "Economic espionage") and 1832 (captioned "Theft of trade secrets").[2] But both of those statutes define <u>crimes</u> that are punishable by imprisonment or fine or both. Neither creates the right to bring a private <u>civil</u> action-- indeed, Section 1836 (captioned "Civil proceedings to enjoin violations") creates the potential for injunctive relief only at the instance of the Attorney General, a provision that by negative inference plainly signals that no private civil action is available.

Nor is it necessary to rely solely on such negative inference. Here is what the Supreme Court has had to say on the subject in <u>Alexander v. Sandoval</u>, 532 U.S. 275, 286-87 (2001) (most citations omitted):

> Implicit in our discussion thus far has been a particular understanding of the genesis of private causes of action. Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress. The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy. Statutory intent on this latter point is determinative. Without it, a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute. "Raising up causes

---

[2] All further references to Title 18's provisions will simply take the form "Section--."

2

of action where a statute has not created them may be a proper function for common-law courts, but not for federal tribunals." Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 501 U.S. 350, 365, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991)(SCALIA, J., concurring in part and concurring in judgment).

With federal question jurisdiction thus lacking, the absence of total diversity of citizenship as a possible alternative source of federal subject matter jurisdiction is fatal to Harrison-Smith's Complaint.[3] Both it and this action are dismissed, which dismissal renders it unnecessary for this Court to speak definitively to the Motion and its accompanying Application, both of which are denied as moot.

                                           */s/ Milton I. Shadur*
                                           Milton I. Shadur
                                           Senior United States District Judge

Date: August 10, 2006

---

[3] No view is of course expressed as to the viability or nonviability of Harrison-Smith's claims on any theory other than the statutory one that she has unsuccessfully sought to invoke.

3